GReen, J.
delivered the opinion of the court.
The complainant was born in this State the slave of Isaac Sitler. In the third item of his last will and testament is the following clause: “It is my will and desire -that my negro slave Malinda, a woman aged about 26 years, Elmira, and her child Laura Jane, the latter aged about six years, be free; and I do hereby, so far as the laws of the land permit, bequeath to them their freedom, and desire, if it be necessary to carry out this purpose of my will, that the court of the county may make such disposition of them, as the policy of government may require.”
In the fourth item of the codicil to the will, the testator directs his executor to reserve, out of the residue of his estate not specifically devised, sufficient money for the education of the young slave Laura Jane, to the amount of two hundred dollars per annum, to be applied, to that object, until the said Laura Jane arrive at the age of sixteen years; and if the rents and profits of the residue *334 of the estate be not sufficient for that purpose, then the said sum is to be raised out of the rents and profits of property devised by his will to trustees for the benefit of testator’s daughter, Caroline. The will was proved at September term of Davidson county court, 1837. The executor named in the will renounced, and the defendant qualified as administrator. The administrator took no steps to have the emancipation of the complainant, and the other slaves to whom their freedom was devised by said will, perfected by the county court, as it was his duty by law to have done; and shortly after the death of the testator, Elmira, the mother of complainant, removed her to Cincinnati, in the State of Ohio, where they have been living as free persons ever since, and where the complainant, Laura Jane, now resides. No part of the annuity bequeathed for the education of Laura Jane has ever been paid, and she is more than sixteen years of age, and brings this bill by her next friend, to recover the entire amount. ' The residue of the estate of the testator has been exhausted in the payment of debts; and the property devised in trust for the testator’s daughter, Coroline, alone remains.
1. It is insisted that Laura Jane, not having been emancipated by the county court of Davidson, as provided by our law, she is not now free, and a court of chancery cannot entertain her suit.
It is an unquestionable principle of public law, that where a person becomes a resident of a State in which slavery cannot exist by law, such person becomes, by virtue of such residence, and by operation of the law of the place, free; no matter what had been the previous condition of the person in any other country.
*335 The universal application of this principle is restricted in the constitution of the United States, in the case of fugitive slaves. In art. 4, sec. 2, the constitution provides that a person held to service in one State, and escaping to another, should not be discharged from such service, in consequence of any law of the State in which such person may be. This provision of the constitution of the United States is the only reason why our slaves that escape, and take up their residence in free States, do not hereby become free. As, therefore, Laura Jane at the time she went to Ohio, was not “held to service or labor” in any other State, the general principle of public law above stated has full force and operation in her case. This court has uniformly held that a bequest of freedom discharged the persons so emancipated from all obligation of service to the legatees or distributees of the testator, or his personal representatives, though the assent of the State may not have been obtained. Not being held to service, the complainant’s removal to Ohio neither violated the constitution of the United States, nor was it prohibited by the laws or policy of this State.
The object of our law in requiring the assent of the State to the emancipation of slaves, to be given either by the county court or the chancery court, is, that the State shall not have forced upon it, as free persons, those whose characters are bad, or who may become a charge upon the county. Hence, by the act of 1801, bond and security is required to reimburse such damages as the county may sustain in consequence of the slave so emancipated becoming chargeable. And by the act of 1831, ch. 102, it is declared that'no emancipation shall take place, except on condition that such slave leave the State, and bond and security is required that this condition shall *336 be performed- Laura Jane’s removal from the State was, therefore, the very thing the county court would have required, had application for her emancipation been made to that court. The removal having taken place voluntarily, the bond required by the act of 1831 became unnecessary.
The removal of the complainant to Ohio has, therefore, violated no law or policy of this State; nor was her condition such as to be operated on by the constitution of the United States; and, therefore, having her do-micil in a State where slavery does not exist, she is free; and, being free, may maintain this suit. But, if it were necessary, we think the chancery court, upon the case stated in this bill, might order the emancipation of the complainant, by virtue of the jurisdiction conferred by the act of 1829, ch. 29. AH the facts are before the court, and there is a prayer in the bill for general relief.
It was the administrator’s duty to have petitioned the county court for her emancipation, and his “failure” to do so entitles the complainant to file her bill in the chancery COUl’t.
2. The annuity for her education not having been paid, the complainant is entitled to the entire sum at this time.
We do not think that interest ought to be computed from the end of each year, after the death of the testator, as the chancellor has ordered. The complainant left the State. For several years her place of residence was unknown to the administrator, and no proper application was ever made to him until this bill was filed. Interest in such cases is not a matter of positive law; and whether it shall be allowed, and if allowed, how recovered, must depend upon the circumstances of such case. In this case it will be recovered from the day the bill was filed.
Affirm the decree.